**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 25-4050**

———————————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

FRANCISCO TORRELLAS, a/k/a Dream, a/k/a Daddy, a/k/a Pretty,

        Defendant - Appellant.

———————————

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Mary G. Lewis, District Judge.  (3:22-cr-00998-MGL-1)

———————————

Submitted:  August 5, 2025                         Decided:  October 31, 2025

———————————

Before WILKINSON and RICHARDSON, Circuit Judges, and TRAXLER, Senior Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

**ON BRIEF:**  Kimberly H. Albro, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellant.  Brook B. Andrews, Acting United States Attorney, Elliott B. Daniels, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Francisco Torrellas appeals the 21-month sentence imposed following the revocation of his supervised release. On appeal, Torrellas claims that the district court misapplied the Sentencing Guidelines, failed to consider his nonfrivolous arguments for a shorter sentence, and based its sentencing decision on an improper factor.[1] Finding no reversible error, we affirm.

When considering a challenge to the district court's application of the Sentencing Guidelines, "we review legal conclusions *de novo* and factual findings for clear error." *United States v. Lawson*, 128 F.4th 243, 249 (4th Cir. 2025). If preserved, a procedural sentencing error requires reversal unless the error is found to be harmless. *United States v. Lynn*, 592 F.3d 572, 576 (4th Cir. 2010); *see* Fed. R. Crim. P. 52(a).

While on supervised release, Torrellas failed to comply with a sex offender registration law, S.C. Code Ann. § 23-3-555(B)(3), that requires an offender to provide the sex offender registry with user names, screen names, and other such "Internet identifier information" used by the offender. As a result, the probation officer charged Torrellas with a Grade B violation for committing new criminal conduct. In opposing the violation, Torrellas asserted that his noncompliance was unintentional and, thus, not a violation of

---

[1] Torrellas also asserts that the district court violated his right to due process by deeming waived any matters that he had failed to bring to the court's attention. We discern no violation. It is this court, not the district court, that determines whether a claim is waived. *United States v. Robinson*, 744 F.3d 293, 298 (4th Cir. 2014). Thus, regardless of what the district court said, Torrellas retained the right to bring any claim on appeal, subject to the rules of preservation and waiver that this court applies in the first instance.

the law.  Without addressing the mental state required for a violation of S.C. Code Ann. § 23-3-555(B)(3), the district court overruled Torrellas's objection, holding that his failure to comply with the statute necessarily constituted a new law violation.  On appeal, Torrellas contends that the district court erred by treating S.C. Code Ann. § 23-3-555(B)(3) as a strict liability statute.

Assuming, as Torrellas argues, that a violation of S.C. Code Ann. § 23-3-555(B)(3) requires some proof of criminal intent, we conclude that the evidence in the record established that Torrellas acted with the requisite mens rea.  In *State v. Latimore*, the Supreme Court of South Carolina held that, to establish criminal liability for a sex offender who fails to register, the offender must have had actual notice of the registration requirement.  723 S.E.2d 589, 591 (S.C. 2012).  We see no reason why the same standard would not apply to S.C. Code Ann. § 23-3-555(B)(3).  And here, Torrellas was provided with actual notice of the disclosure requirements, as he signed a form directing him to list all Internet identifiers that he uses and advising him that failure to comply constitutes a crime.  Thus, to the extent the district court erred by failing to consider the mens rea applicable to S.C. Code Ann. § 23-3-555(B)(3) offenses, we conclude that such error is harmless.

Turning to Torrellas's sentencing challenges, "[a] district court has broad discretion when imposing a sentence upon revocation of supervised release."  *United States v. Patterson*, 957 F.3d 426, 436 (4th Cir. 2020).  As long as the sentence "is within the statutory maximum and is not plainly unreasonable," we will affirm.  *Id.*

3

"Where a defendant . . . presents nonfrivolous reasons for imposing a sentence outside the [policy statement range], the sentencing [court] must address or consider those arguments and explain why [it] has rejected them." *United States v. Powers*, 40 F.4th 129, 137 (4th Cir. 2022) (internal quotation marks omitted). At sentencing, defense counsel requested a sentence below the policy statement range, noting that Torrellas was the sole caretaker of his 14-year-old daughter and was responding well to mental health treatment. On appeal, Torrellas asserts that the district court failed to address these points. On the contrary, the court expressed sympathy for the plight of Torrellas's daughter, while emphasizing that Torrellas and his daughter's mother—who was also incarcerated—had created an unfortunate situation for their daughter by failing to follow the law. And while commending Torrellas for endeavoring to improve himself, the court explained that his rehabilitative efforts did not merit a downward variance sentence. We therefore conclude that the court adequately responded to Torrellas's sentencing arguments.

Finally, Torrellas contends that the district court erred by considering the need for the revocation sentence to provide just punishment. Because Torrellas did not raise this issue below, we review only for plain error. *United States v. Fowler*, 948 F.3d 663, 669 (4th Cir. 2020). To prevail under this standard, Torrellas "must show that an error occurred, it was plain, it affected his substantial rights, and it seriously affects the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Olson*, 114 F.4th 269, 273 (4th Cir. 2024).

In imposing sentence, the district court indicated that Torrellas needed to be punished for his failure to comply with S.C. Code Ann. § 23-3-555(B)(3), which the court

4

viewed as a serious violation of his supervised release. On appeal, Torrellas contends that just punishment, *see* 18 U.S.C. § 3553(a)(2)(A), is not an appropriate consideration for a revocation sentence.

Assuming arguendo that the district court erred, we conclude that such error is not plain. The Supreme Court recently held that a district court imposing a revocation sentence may not "account for the need to exact retribution for the defendant's *underlying crime* (per § 3553(a)(2)(A))." *Esteras v. United States*, 145 S. Ct. 2031, 2040 (2025) (emphasis added).[2] But the Court expressly declined to address the question at issue here, i.e., whether the need to exact retribution for the defendant's *supervision violation* may be considered. *Id.* at 2040 n.5. Nor has our court resolved this issue. As a result, it remains an open question whether a revocation sentence may be based on the need to punish the supervisee for his violation. So, even if we agreed with Torrellas that the court erred in this regard, we could not find the error plain. *See United States v. Walker*, 934 F.3d 375, 378 (4th Cir. 2019) (explaining that error is plain if, "at the time of appellate consideration, the settled law of the Supreme Court or this circuit establishes that an error has occurred" ("internal quotation marks omitted)).

Accordingly, we affirm Torrellas's revocation judgment. We deny as moot Torrellas's motion to expedite decision. We dispense with oral argument because the facts

---

[2] This appeal was previously held in abeyance for *Esteras*.

and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*